Our next case is... Ms. Steinberg, did you take this case on appointment? Okay, thank you. Okay, our next case is Appeal Number 23-3100, Cossio v. Air Force Court of Criminal Appeals Okay, Ms. Michael, whenever you're ready. May it please the Court. My name is Janai Michael, and I represent the appellate, Mr. Cossio, in this matter. At this time, I would like to reserve three minutes for rebuttal. We are asking that this Court reverse the District Court's dismissal of Mr. Cossio's complaint. Additionally, if this Court agrees that both Mr. Cossio's convictions, his larceny conviction, as well as his conviction under the Computer Fraud and Abuse Act, are invalid, then we also ask that this Court direct the District Court to issue a writ compelling the Secretary to remove the unconstitutional convictions and the resulting sanctions from Mr. Cossio. Can you address our jurisdiction? Whether we have jurisdiction here, as far as the writ of mandamus, whether Mr. Cossio exhausted all his avenues of relief. Absolutely. And in habeas petition, whether he's in custody. Yes, Your Honor. There really isn't, or there shouldn't be any dispute that the principal and most serious convictions of Mr. Cossio's court-martial are invalid. So that brings us directly to not whether this Court should, but can, issue the writ. And it is our position that the writ of mandamus is a proper remedy and that the elements necessary to issue the writ have all been sufficiently pled. Mr. Cossio sufficiently pled that he had a clear right to relief. He also pled that the Secretary of the Air Force has a duty to act and remediate those, that clear right of relief, and he also pled that he exhaust all of his remedies. His clear right to relief is found in the fact that both of his convictions are invalid. Could I ask you about the larceny conviction? Absolutely, Your Honor. It seems to me that any arguments that you're making now about the larceny conviction would have been available back at the time of the original trial. Your Honor is correct. And at the original trial, my client, through his counsel, made those arguments. Right. So those arguments were made, they were considered, they were rejected. How are we still debating the merits of that conviction, therefore, and having to revisit this no tangible property theory? Yes, Your Honor. The case law has held that the government has a duty when it brings a charge to prove boundaries without all elements of that offense, and they did not do that, which is a constitutional error. Well, that's a long stretch. If you're right, then let me give you another recent example.  The Supreme Court recently, about five years ago, reversed case law in every single circuit about the knowledge element for being a felon in possession or otherwise unlawfully in possession of a firearm. Every year, the government brings 10,000 prosecutions under that statute. Is it your theory that when the Supreme Court reversed and said, no, there's this extra element, that everybody who's ever been convicted under the prior case law has a new constitutional claim to clear their records? That is not applicable to what happened with the larceny conviction. There was no subsequent reversal by the Supreme Court for the larceny. You're just saying it was wrong and we get to litigate it forever, right? It's not that you get to litigate it forever, Your Honor. It's that when Mr. Casio has originally stated that his larceny conviction was invalid and then exhausted all possible remedies to fix those unconstitutional convictions and was denied relief and not given full and fair consideration, this court still has to... Why was he not given full and fair consideration? Just saying that the prior decisions were wrong. Is there anything more than that? It wasn't just that they were wrong, Your Honor. It was that since the beginning, he was improperly charged with the wrong crime and then at the opposite... Should he have been charged with identity theft? Your Honor, it was... And obtaining the pin for Airman Tree's pay account? What the actions that Mr. Casio took, what crime those could have been, should have been, and could have been is not the question for this court. That's a distraction, but let me ask on the larceny point. Yes, Your Honor. If I understand the statute here, it applies to someone who withholds money with intent permanently to deprive another person of use or benefit or to appropriate it to use of any person other than the owner. Why doesn't that fit here? It doesn't fit here, Your Honor, because the law is very clear, and case law has shown that, that the property must be tangible. And at the time... Money? Does it have to be bills? It has to be tangible property, yes, Your Honor. And that was seen, and that was explained in Stevens very specifically. In Stevens, that was where credit card information was taken, and at that time it was taken, the credit card information was not tangible, and those later converted to something that was tangible. Can you apply that to money in a bank account? Do you think that extends to... Yes, I think you can apply it to money in a bank account. The purpose here, though, is that at the time of the alleged act, there was no money in the bank account. This was just a debt owed to Mr. Tree, and that's why it's not tangible property. Whether it later became tangible is not relevant to the question of whether it was tangible at the time, and therefore constituted larceny as Mr. Cossio was charged. Ms. Michael, you know, you argue that the legal elements of the offenses of conviction were not supported by the evidence, but that is a statutory challenge. What is the constitutional violation that you assert here that forms the basis for your habeas action? It is our position that the government's failure, specifically with regard to the larceny, the government's failure to adequately prove or provide sufficient evidence resulted in a constitutional error, and this court has the ability, through a writ of mandamus and Section 1552, to address those constitutional errors and those unconstitutionally imposed offenses. My question is, what is the constitutional violation that forms the basis for your habeas action? It would be the violation or the violation of Mr. Cossio's due process rights. The government's failure to adequately prove their case violated his due process rights, and I see I'm going into my rebuttal time, so... Well, go ahead. You can answer the question. We'll give you more time if you need it. Okay. So going back to your question, Judge Rovner, the basis of the constitutional violation is the fact that the government has a constitutional mandate to prove every element of their claim or their charge against Mr. Cossio. They did not do that in either the larceny or the Computer Fraud and Abuse Act, and that constitutes a constitutional violation. The writ of mandamus allows the district court to compel the secretary under 1552 to correct constitutional errors such as this and unconstitutionally imposed convictions. Thank you. Okay. You want to reserve the rest of your time? Yes, please. Okay. Ms. Lambert. Good morning. May it please the court, counsel. You can affirm the district court's ruling because there was no statutory basis under Section 10 U.S.C. 1552, which is the statute that Cossio relied upon to argue that he was entitled to relief and that this court has mandamus jurisdiction. And I would like to start out by addressing a couple of points that were raised during Mr. Cossio's counsel's argument. The first is about tangible property and whether or not arguments as to that have been exhausted. That is actually not the case. As raised in the Air Force's brief, on appeal, for the first time, there was an argument that electronic transfer of funds did not constitute money or property under the larceny statute. That would be waived, and that was also not brought up at the court martial, which is required in order to preserve an issue on appeal. As for the idea that this was actually a debt owed to his fellow airmen, it's previously been litigated that this is a case about larceny of military property, that the paycheck money belonged to the military. Further, while that issue was brought up at the court martial, it has not been sufficiently exhausted as it was not raised in collateral review and certainly could have been. Back in 2011, Mr. Cossio brought a literal Tucker Act claim in front of the district court, arguing that his convictions were based off of deprivation of due process. Second, Mr. Cossio was not deprived of due process. In fact, he actually received full legal and factual review of his court martial conviction in the Air Force Court of Criminal Appeals, which is unique to appellate review for that agency. Going back to Section 1552, again, that was the basis that was provided for both mandamus and habeas jurisdiction as to why the secretary had a duty. But the secretary did not have a duty because Cossio never filed a claim under Section 1552. That is required by Subpart B of the statute. He missed that step and cannot invoke Section 1552 without having asked for relief under which the process was set forward in that statute. Unless the panel has further questions, I ask that the district court's ruling be affirmed. I have a very quick question. Forgive me for this, but in the prior federal case, which was similarly brought in the Northern District of Illinois, the appeal was to the federal circuit, not the Seventh Circuit. I understand that, you know, our beloved Judge Lina Weber was the judge in both of the cases. Can you explain why the appeal was to the federal circuit, but this one is to ours? Does it have something to do with the Tucker Act? Yes. My understanding is that the Little Tucker Act appeal, because it's effectively seeking a claim of monetary relief, that would be appealed to the federal circuit. This case does not concern a claim of monetary relief, and it's purportedly, again, about mandamus and habeas jurisdiction. Therefore, the Seventh Circuit would be proper for the appeal. Thank you so much for answering that. Ms. Lambert, can I ask you on the question of mandamus, where jurisdiction ends and merits start? The district judge seems to have been operating on the assumption that if you're entitled to mandamus relief, we have jurisdiction, and if you're not entitled, there's no jurisdiction. Respectfully, having read that opinion, I do think that Judge Lina Weber had some confusion about whether or not 1552 was applicable. He seemed to suggest that it did actually get satisfied. That was not indeed the case. And with respect to mandamus jurisdiction not being eligible, it appeared the basis on that wasn't as much as the 1552 argument that we're making, but the point that there was no entitlement to relief because there was no constitutional violation. So does that mean there's no jurisdiction, or you lose on the merits? He dismissed with prejudice, right? Yes. So my understanding of his dismissal was both actually on a jurisdictional basis and on the merits. So for mandamus, when Lina Weber spelled out the elements of that, he also noted that the requirements were jurisdictional. So the point is that with respect to mandamus, both the elements of the claim cannot be established, warranting dismissal and failure to state a claim, as well as these elements are jurisdictional, therefore there's no jurisdiction. Thank you. Thank you. Okay. Thank you, Counsel. Ms. Michael. I wanted to speak first about the issue that Mr. Cossio waived his right to bring the larceny conviction argument again. Not only did he bring this up and put the government on notice during court-martial that the charge he was bringing did not fit the facts, he also brought this up before the Criminal Court of Appeals in the military when he brought his ineffective counsel claim, stating that his appellate counsel at the time didn't raise this larceny argument properly in the court. And then he petitioned that denial once it was denied by the Criminal Court of Appeals, which was denied without comment. And he brought this up again before in civilian court, and the court improperly found that he had ultimately admitted to larceny, which is not true based on the record, and then he again brought it up before the lower court and again before this court. So this is an issue that Mr. Cossio has continued to bring in order to get relief from the unconstitutional conviction that has burdened him for almost 20 years. And then with regard to the use of 1552, neither the plain language nor any cases that the government has cited has ever stated that application to the board is required before bringing any action pursuant to 1552. And case law has been very clear on that. Why not the statute says that no correction may be made under Section 8.1 unless the claimant files a request for correction within three years after discovering the error or injustice? That is true, Your Honor. But case law has also stated that the secretary acting through the board may correct any military records in order to correct any errors of injustice, which is what we have here. But the board first has to excuse the failure to file within three years. There are paths, and case law has shown paths, where petitioners have gone through the board to get certain things corrected. But in cases like this where a petitioner like Mr. Cossio is challenging the constitutionality of his court-martial sentence, that is relief that the board can't even provide as the government recognized. But that is something that could be challenged on collateral review and the secretary can adjust, which was seen in Ashby McNamara. Okay. Thank you, Ms. Michael. Did your firm take this case on appointment? Yes, Your Honor. Well, thank you very much for doing that. It's very helpful to the court. And thanks to both sides for their advocacy. Thank you. The case will be taken under advisement.